# UNITED STATES DISTRICT COURT

# DISTRICT OF MINNESOTA

# COURT FILE NO. 19-CV-2534 (MJD/ECW)

| | |
|---|---|
| Heather Emig,<br><br>    Plaintiff,<br><br>    v.<br><br>TD Bank USA, N.A.,<br><br>    Defendant. | **RULE 26(f) REPORT** |

The parties/counsel identified below conferred as required by Fed. R. Civ. P. 26(f) and the Local Rules, on October 16, 2019, and prepared the following report.

The initial pretrial conference required under Fed. R. Civ. P. 16 and LR 16.2 is scheduled for October 24, 2019, before the United States Magistrate Judge Elizabeth C. Wright in Room 342, of the U.S. Courthouse in St. Paul, Minnesota.

## DESCRIPTION OF CASE

1. Concise factual summary of Plaintiff's claims: Defendant used an "automatic telephone dialing system" to robodial Plaintiff's cell phone. Short of an emergency, no one may use robodialers to call cell phones without the recipient's explicit permission. Despite this prohibition, Defendant called Plaintiff's cell phone at least 21 times using a robodialer, in violation of the Telephone Consumer Protection Act, 47 U.S.C. §§ 227 et seq.

2. Concise factual summary of Defendant's claims/defenses: (1) TD did not call Ms. Emig using an "automatic telephone dialing system" within the Telephone Consumer Protection Act's meaning. TD's calls were made using a LiveVox Human Call Initiator, and did not use an artificial or prerecorded voice. Courts around the country have consistently held that the LiveVox HCI is not an "automatic telephone dialing system" within the Act's meaning. (2) TD obtained prior express consent for calls to Ms. Emig. Ms. Emig's prior express consent was embodied in a contract that she could not unilaterally modify and that did not allow her to unilaterally revoke her consent.

3. Statement of jurisdiction (including statutory citations): This court has jurisdiction over

   this action under 28 U.S.C. §§ 1331, 28 U.S.C. § 1337(a), and 47 U.S.C. § 227(b)(3).

4. Summary of factual stipulations or agreements: No stipulations exist at this time.

5. Statement of whether jury trial has been timely demanded by any party: Both Parties have timely demanded a jury trial.

6. Statement of whether all process has been served, all pleadings filed, and any plan for any party to amend pleadings or add additional parties to the action: All pleadings to this action have been served, and neither party presently intends to amend.

7. If applicable, a list of all insurance carriers/indemnitors, including limits of coverage of each defendant or statement that the defendant is self-insured: None. The Defendant is self-insured.

8. If the parties would like the case resolved under the Rules of Procedure for Expedited Trials of the United States District Court for the District of Minnesota, a statement of the parties' agreement to that effect: The parties do not agree to an expedited trial.

**FACT DISCOVERY**

The parties recommend that the Court establish the following fact discovery deadlines and limitations:

1. The parties must make their initial disclosures required by Rule 26(a)(1) on or before December 1, 2019.

2. Fact discovery procedures shall be commenced in time to be completed on or before June 1, 2020.

3. The parties do not believe that discovery should be conducted in phases or limited to or focused on certain issues or certain sources before others.

4. The parties propose that the Court limit the use and number of discovery procedures as follows:

   1. No more than a total of 25 interrogatories, counted in accordance with Rule 33(a), shall be served by each side.

   2. No more than 25 document requests shall be served by each side. The parties understand that objections to document requests must meet the requirements of Rule 34(b)(2)(B).

   3. No more than 25 requests for admissions shall be served by each side.

5. No more than one Rule 35 Medical Examination shall be taken by Defendant and

completed by June 1, 2020.

6. No more than 3 depositions, excluding expert witness depositions, shall be taken by either side.

7. The parties have reached the following additional agreements concerning the taking of depositions: none at this time.

8. The parties have agreed upon the following additional limitations on discovery procedures: none at this times.

9. Other discovery issues.

   1. Discovery of Electronically Stored Information. The parties have discussed issues about preservation, disclosure, production, or discovery of electronically stored information, as required by Fed. R. Civ. P. 26(f), and do not ask the Court to make any specific orders on this issue.

   2. Claims of Privilege or Protection. The parties have discussed issues about claims of privilege and of protection as attorney work-product or trial preparation materials, as required by Fed. R. Civ. P. 26(f), including whether the parties agree to a procedure to assert these claims after production, or have reached any other agreements under Fed. R. Evid. 502, and do not request the Court include any specific agreement in the scheduling order.

**EXPERT DISCOVERY**

The parties anticipate that they will require expert witnesses at trial, and propose that the Court establish the following plan for expert discovery:

1. Plaintiff anticipates calling up to two experts. Defendant anticipates calling up to two experts. Each side may take one deposition per expert.

2. Disclosure of the identities of expert witnesses under Rule 26(a)(2)(A) and the full disclosures required by Rule 26(a)(2)(B) (accompanied by the written report prepared and signed by the expert witness) and the full disclosures required by Rule 26(a)(2)(C), shall be made as follows:

   1. Identities by Plaintiff on or before July 1, 2020. Disclosures by Plaintiff on or before July 15, 2020.

   2. Identities by Defendant on or before July 1, 2020. Disclosures by Defendant on or before July 15, 2020.

    3. Rebuttal identities and disclosures on or before August 15, 2020.

3. Expert discovery, including depositions, shall be completed by October 1, 2020.

## NON-DISPOSITIVE MOTION DEADLINES

The parties propose the following deadlines for filing non-dispositive motions:

1. Except as provided in paragraph 4 below, all motions that seek to amend the pleadings or to add parties must be filed and served on or before February 1, 2020.

2. All motions that seek to amend the pleadings to include punitive damages, if applicable, must be filed and served on or before February 1, 2020.

3. Except as provided in paragraph 4 below, all non-dispositive motions and supporting documents, including those that relate to fact discovery, shall be filed and served on or before October 1, 2020.

4. All non-dispositive motions and supporting documents that relate to expert discovery shall be filed and served on or before October 1, 2020.

## DISPOSITIVE MOTION DEADLINES

The parties do not believe that expert discovery must be completed before dispositive motions are filed. The parties recommend that all dispositive motions be filed and served (and heard, depending on District Judge assigned) on or before December 1, 2020.

## SETTLEMENT

1. The parties must conduct a meaningful discussion about possible settlement before the initial pretrial conference, including a written demand by the Plaintiff(s) and a written response by each Defendant. The parties must also discuss whether private mediation or an early settlement conference with the Court (or another form of alternative dispute resolution) would be productive and, if so, when it should occur and what discovery, if any, would be necessary to conduct before such a conference. The results of that discussion, including any proposals or recommendations, are as follows: the parties believe a settlement conference after close of discovery may be productive.

2. Each party will email to Magistrate Judge Wright's chambers, no later than one (1) week before the pretrial conference, a confidential letter of no more than three (3) pages, setting forth what settlement discussions have taken place, whether the party believes an early settlement conference would be productive, what discovery each party believes is necessary before an early settlement conference can take place and any additional, confidential information about the party's interest in settlement or possible settlement proposals as may be of assistance to Magistrate Judge Wright in planning or furthering

    early settlement efforts.

3. The Court will discuss this topic with the parties at the pretrial conference and will set a date for an early settlement conference or for a status conference to determine when the case will be ready for a productive settlement conference.

**TRIAL**

1. Trial by Magistrate Judge:

The parties have not agreed to consent to jurisdiction by the Magistrate Judge pursuant to Title 28, United States Code, Section 636(c). Please note that if the parties consent to magistrate judge jurisdiction, all proceedings, including trial by jury, if any, will be before the magistrate judge assigned to the case.

2. The parties agree that this case will be ready for trial on February 1, 2021. The anticipated length of the jury trial is 3 days.

| DATE: Oct. 17, 2019 | /s/ Bennett Hartz |
|---|---|
| | Bennett Hartz (#393136) <br> WALKER & WALKER LAW OFFICES, PLLC <br> 4356 Nicollet Avenue <br> Minneapolis, MN 55409 <br> (612) 824-4357 <br> bennett@bankruptcytruth.com |

| DATE: Oct. 17, 2019 | /s/ Brian Melendez |
|---|---|
| | Brian Melendez <br> Bar Number 0223633 <br> Attorney for Defendant TD Bank USA, N.A. <br> BARNES & THORNBURG LLP <br> Suite 2800 <br> 225 South Sixth Street <br> Minneapolis, MN 55402-4662 <br> Ph. 612.367.8734 <br> Fax 612.333.6798 <br> brian.melendez@btlaw.com |