UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
COURT FILE NO. 19-CV-2564 (SRN/ECW)

Heather Emig,

    Plaintiff,

v.

TD Bank, N.A.,

    Defendant.

**AMENDED COMPLAINT**

1. Plaintiff Heather Emig amends her original Complaint pursuant to the stipulation filed by the Parties on November 26, 2019.

2. Emig pleads the following claims based on violations of the Telephone Consumer Protection Act (TCPA), 47 U.S.C. § 227 *et seq.*, by TD Bank, N.A. ("TD Bank").

3. TD Bank used a robodialer to place a series of harassing calls to Emig's cell phone, an act specifically prohibited by the TCPA.

### VENUE, PARTIES, AND JURY TRIAL

4. Emig is a natural person residing in Anoka County.

5. TD Bank is a national association that regularly conducts business in Minnesota and Anoka County specifically.

6. Emig demands a jury trial to the extent available under US Const. Amend. 7.

7. Venue is proper because TD Bank regularly conducts business in Anoka County, and because the claims at issue in this case occurred in and harmed a person living there.

## THE TELEPHONE CONSUMER PROTECTION ACT

8. As more Americans began carrying cellular telephones in the 1990s, Congress sought to limit the potential for constant harassment posed by telemarketers and "automatic telephone dialing systems"— commonly called "robodialers."

9. The TCPA was enacted to this end. Among other abusive actions, the TCPA prohibits anyone from calling a cell phone using a robodialer, an automated voice, or a pre-recorded message.

10. Despite the protections afforded by the TCPA, industry practices remain relatively unchanged. Robodialing continues to increase dramatically year-over-year, and robodialing is estimated to now comprise *half* of all cell phone calls in the United States. See Brian Fung, "Report: Americans got 26.3 billion robocalls last year, up 46 percent from 2017." Wall Street Journal, January 29, 2019.

## FACTS

11. TD Bank routinely calls Emig on her cell phone attempting to collect debt.

12. TD Bank places these calls to Emig using a robodialer, an artificial voice, or both.

13. When answering these robodialed calls, Emig immediately heard either a recorded, automated voice or a long pause of dead air. This pause indicates TD Bank's robodialer calling Emig, and then connecting to a live operator at TD Bank within a few seconds of answering.

14. These factors, paired with the frequency of the calls, strongly suggest that TD Bank was calling Emig's cell phone using a robodialer.

15. TD Bank did not have Emig's consent to use these electronic means to call her cell phone.

16. Emig also explicitly revoked any consent to be called on her cell phone during a phone call with TD Bank on or about May 18, 2019.

17. Despite this explicit revocation, TD Bank continued to robodial Emig's cell phone.

18. Following her revocation, TD Bank placed robodialed collection calls to Emig on at least (but not limited to) 21 subsequent occasions.

19. TD Bank disregarded her revocation of consent and willfully continued to contact Emig with impunity using a prohibited automatic telephone dialing system.

### COUNT I: TELEPHONE CONSUMER PROTECTION ACT

20. Emig incorporates all other allegations as if set forth herein in full.

21. The TCPA bans using robodialers and artificial voices to call cell phones absent the consumer's explicit consent:

> It shall be unlawful for any person within the United States . . . to make any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using any automatic telephone dialing system or an artificial or prerecorded voice . . . to any telephone number assigned to a paging service, cellular telephone service, specialized mobile radio service, or other radio common carrier service, or any service for which the called party is charged for the call . . . ." 47 U.S.C. § 227(b)(1).

22. TD Bank violated 47 U.S.C. § 227(b)(1) by knowingly calling Emig at least 21 times on her cell phone using an automatic dialing system and/or an artificial, pre-recorded voice without Emig's consent.

23. TD Bank also ignored Emig's explicit revocation of consent.

24. TD Bank thus willfully and knowingly violated § 227(b)(1).

25. Emig was stressed and harassed by the frequency of TD Bank's calls to her cell phone, and by her inability to stop these calls, as is her right by statute.

26. The TCPA provides the following remedy for its violation:

> "A person or entity may, if otherwise permitted by the law or rules of court of a State, bring in an appropriate court of that State (A) an action based on a violation of this subsection . . . to enjoin such violation, (B) an action to recover for actual monetary loss from such a violation, or to receive $500 in damages for each such violation, whichever is greater, or (C) both such actions. If the court finds that the defendant willfully or knowingly violated this subsection or the regulations prescribed under this subsection, the court may, in its discretion, increase the amount of the award to an amount equal to not more than 3 times the amount available under subparagraph (B) of this paragraph." 47 U.S.C. § 227(b)(3).

27. Emig is entitled to actual damages in an amount to be determined at trial or statutory damages of $1,500 per each of TD Bank's telephone calls violating the TCPA, whichever is greater, under 47 U.S.C. § 227(b)(3).

## RELIEF REQUESTED

Emig requests an Order for the following relief:

1. Judgment in favor of Heather Emig and against TD Bank, N.A. for actual damages, or for statutory damages of $1,500 per each telephone call violating the TCPA, whichever is greater. 47 U.S.C. § 227(b)(3).

2. Interest accruing from commencement of this action at 4% for awards up to $50,000.00, or at 10% for awards over $50,000.00, under Minn. Stat. § 549.09.

3. All other relief the Court deems just and equitable.

Date: <u>November 26, 2019</u>              */s/ Bennett Hartz*
                                            Andrew C. Walker #392525
                                            Bennett Hartz #393136
                                            Walker & Walker Law Offices, PLLC
                                            4356 Nicollet Avenue South
                                            Minneapolis, MN 55409
                                            (612) 824-4357
                                            ***Attorneys for Heather Emig***